# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>RAY BERNARDI, WYOMING AREA SCHOOL DISTRICT, WYOMING AREA SCHOOL BOARD, ANTONINETTE VALENTI, JOHN LANUNZIATA, NICK DEANGELO, JOHN BOLIN, JERRY WALL, JOHN MARIANACCI, DAVID ALBERIGL, SAMUEL ARITZ, and DR. ESTELL CAMPENNI,<br><br>    Defendants, | CIVIL ACTION NO. 3:10-CV-194<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6). (ECF No. 4.) Defendants request that Plaintiff's Complaint (ECF No. 1) be dismissed in its entirety for failure to state a claim against the Defendants. For the reasons discussed below, the motion will be granted in part and denied in part. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question).

## **BACKGROUND**

The facts alleged in Plaintiff's Complaint (ECF No. 1) are as follows:

Plaintiff William Simmons was employed by the Wyoming Area School District ("WASD") as Maintenance Foreman, and also served as a union president. (Compl. ¶¶ 1, 9-12.) Defendant Ray Bernardi ("Bernardi") was at all relevant times the superintendent of WASD. (Compl. ¶ 1.) The remaining individual defendants were members of the WASD

school board. (Compl. ¶ 39.)

"On or about late 2006 harassment by Superintendent Ray Bernardi began." (Compl. ¶ 13.) On November 17, 2006, Plaintiff was called into a meeting with Bernardi and some of the school board members where he "was treated in a harsh fashion." (Compl. ¶ 14.) This mistreatment was related to Plaintiff's need to work with Patrick J. Pribula, a political ally of Plaintiff, against whom Bernardi had a strong hatred. (Compl. ¶ 14.) In subsequent months, Bernardi continued to act unfriendly and hostile. (Compl. ¶ 16.) In July 2007, Plaintiff was told by Bernardi not to place Plaintiff's name on stickers used to denote the work tasks being performed at the school. (Compl. ¶ 17.) The next day Bernardi approached Plaintiff during lunch and "grilled him on his activities." (Compl. ¶ 17.) Similar harassing and demeaning behavior by Bernardi continued through November 2007. (Compl. ¶ 18.) As a result, Plaintiff became sick and began to suffered severe anxiety attacks. (Compl. ¶ 19.)

On or about November 2007, Plaintiff advised Carl Yorina and others that Bernardi was blatantly violating the collective bargaining unit by allowing non-union members to work on maintenance. (Compl. ¶ 34.) On November 20, 2007, Plaintiff was again harassed by Bernardi. (Compl. ¶ 20.) Plaintiff suffered an anxiety attack and informed his peers that he had to go home. (Compl. ¶ 20.) Plaintiff did not return to work after that day. (Compl. ¶ 20.) On November 30, 2007, Plaintiff sent a resignation letter to the school district, citing Bernardi's mistreatment as the cause. (Compl. ¶¶ 21-22.) On December 6, 2007, Plaintiff rescinded his resignation letter. (Compl. ¶ 23.) The following day, Plaintiff was informed by the district that he was suspended without pay. (Compl. ¶ 24.) Plaintiff then received a letter on December 21, 2007, that disciplinary action would be taken against him. (Compl. ¶ 25.)

2

On January 4, 2008, Plaintiff attended a meeting at the WASD high school with a number of union officials and Bernardi. (Compl. ¶ 26.) At that meeting Plaintiff indicated that he wished to return to work. (Compl. ¶ 26.) On January 24, 2008, Plaintiff received a letter of termination stating that he had been guilty of insubordination for making statements about Bernardi in his termination letter and for failure to call-in and report off sick. (Compl. ¶ 27.) On or about August 3, 2009, WASD was ordered to reinstate Plaintiff. (Compl. ¶ 28.)[1] Plaintiff returned to work on August 17, 2009. (Compl. ¶ 29.) While Plaintiff is again employed at WASD, he has never received recognition of his position as Maintenance Foreman by any of the Defendants. (Compl. ¶¶ 31, 40-41.)

Plaintiff filed this action here in the United States District Court for the Middle District of Pennsylvania on January 25, 2010. (ECF No. 1.) On April 19, 2010, the Defendants filed the present motion to dismiss. (ECF No. 4.) This motion has been briefed by both sides and is now ripe for disposition.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each

---

[1] The Court notes that it is unclear who ordered WASD to reinstate plaintiff, but presumably it was as a result of "the union's unfair labor practice suit." (Compl. ¶ 30.)

3

necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

4

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Plaintiff brings several claims for violation of his First and Fourteenth Amendment constitutional rights pursuant to 42 U.S.C. § 1983. Section 1983 provides redress for individuals whose constitutional rights are violated by governmental actors.[2] Defendants do not dispute that as employees of the WASD each of the individual defendants is a governmental actor. As to a local governmental entity like WASD and its school board, however, liability under § 1983 cannot be established under the doctrine of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). Instead, liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."

---

[2] 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

*Id*. One method of establishing a policy or custom is when an employee with final policy-making authority commits the alleged violative conduct, rendering the behavior an act of government policy. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)). Defendants also do not dispute that the school superintendent and members of the school board are final policy-makers for WASD. Therefore, Plaintiff sufficiently alleges conduct "under color of state law," satisfying the first element of a claim under § 1983. I will now examine whether Plaintiff has sufficiently alleged violations of his First and Fourteenth Amendment rights.

**I.     First Amendment**

Plaintiff alleges that the Defendants retaliated against him for exercising his First Amendment rights. "The First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman v. Moore,* 547 U.S. 250, 256 (2006) In order to plead a First Amendment retaliation claim, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Thomas v. Independence Twp.,* 463 F.3d 285, 296 (3d Cir. 2006). Plaintiff alleges that he was retaliated against as a result of his speech (Compl. ¶¶ 27, 34), and as a result of his political association. (Compl. ¶ 14.) Defendants concede that Plaintiff's alleged conduct is protected by the First Amendment. (Br. in Support 6, ECF No. 5.)

Defendants instead argue that Plaintiff's claims fail because Plaintiff suffered no adverse employment action. Defendants cite *Carter v. Castillo*, No. CIV. A. 399CV0047-X, 2000 WL 1753039 (N.D. Tex. Nov. 27, 2000), and *Breaux v. City of Garland*, 205 F.3d 150 (5th Cir. 2000), arguing that adverse employment actions must be "discharges, demotions, refusals to promote, and reprimands," and that because Plaintiff was re-hired, no adverse employment action has occurred. *Carter*, 2000 WL 1753039 at * 2. Each of the cases cited by the Defendants, however, are from the Fifth Circuit Court of Appeals. While it may be true that adverse employment actions are limited to those types of conduct in the Fifth Circuit, the Third Circuit Court of Appeals has not articulated such a limitation. *See id.* ("The Fifth Circuit has restricted the categories of adverse employment decisions").

The Third Circuit Court of Appeals examined whether conduct adversely impacts a public employee's First Amendment rights in *Brennan v. Norton*, 350 F.3d 399 (3d Cir. 2003). In *Brennan*, the court noted that "[other] courts have declined to find that an employer's actions have adversely affected an employee's exercise of his First Amendment rights where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands." *Id.* at 419. The court held that some of the defendants' conduct, such as their failure to use the plaintiff's proper title and their refusal to capitalize the plaintiff's name in memoranda, was *de minimis* and did not rise to the level of a substantive constitutional violation. *Id.* at 419. After making that determination, *Brennan* court went on to state that:

> We do not suggest, however, that some of these same wrongs can *never* support a cause of action under § 1983. Moreover, we think it important to note that a plaintiff may be able to establish liability under § 1983 based upon a continuing course of conduct even though some or all of the conduct complained of would be *de minimis* by itself or if viewed in isolation.

7

*Id.* at 419 n. 16 (emphasis added). The present case involves allegations which are similar to those in *Brennan*. As in *Brennan*, some of the allegations, such as failure to recognize Plaintiff's title as Maintenance Foreman (Compl. ¶¶ 40-41), standing alone would be *de minimis* and insufficient to support a claim of First Amendment retaliation. Collectively, however, Plaintiff's *de minimis* allegations identify a continuing pattern harassment that could be sufficient to support his claims. Furthermore, as in *Brennan*, Plaintiff alleges conduct which is not *de minimis*, such as that the Defendants' harassment constructively discharged him because it forced him to resign after suffering anxiety attacks. (Compl. ¶ 20.) Reviewing the allegations of the Complaint as a whole, I find that Plaintiff has alleged sufficient conduct by the Defendants that could deter a reasonable person from exercising their First Amendment rights. Therefore, Defendants' motion to dismiss these claims will be denied.

## II.     Fourteenth Amendment

Plaintiff also alleges a cause of action for violation of his rights under the Fourteenth Amendment Substantive Due Process Clause. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. "While on its face this constitutional provision speaks to the adequacy of state procedures, the Supreme Court has held that the clause also has a substantive component." *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 139 (3d Cir. 2000) (citing *Planned Parenthood of S.E. Pennsylvania v. Casey*, 505 U.S. 833, 84-47 (1992) (citation omitted)). A property interest protected by substantive due process may not be taken away "for reasons that are arbitrary, irrational, or tainted by improper motive. . . or by means of government conduct so egregious

8

that it 'shocks the conscience.'" *Id.* (citations omitted). Defendants argue that Plaintiff has no substantive due process property right to his job. I agree that public employment is not a fundamental property interest protected by substantive due process. *Id.* at 143. Therefore, I will grant Defendants' motion as to Plaintiff's claim for substantive due process.

## CONCLUSION

For the reasons discussed above, Defendants motion to dismiss will be granted in part and denied in part. Specifically, as to Plaintiff's claims for First Amendment retaliation, the motion will be denied because Plaintiff sufficiently alleges retaliatory conduct in response to Plaintiff's protected speech and political association. As to Plaintiff's claim of substantive due process violations, the motion will be granted because public employment is not a property interest protected by substantive due process.

An appropriate order follows.


 July 15, 2010                                         /s/ A. Richard Caputo
Date                                                   A. Richard Caputo
                                                       United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>RAY BERNARDI, WYOMING AREA SCHOOL DISTRICT, WYOMING AREA SCHOOL BOARD, ANTONINETTE VALENTI, JOHN LANUNZIATA, NICK DEANGELO, JOHN BOLIN, JERRY WALL, JOHN MARIANACCI, DAVID ALBERIGL, SAMUEL ARITZ, and DR. ESTELL CAMPENNI,<br><br>    Defendants, | CIVIL ACTION NO. 3:10-CV-194<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this ___15th___ day of July, 2010, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) (ECF No. 4) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) As to Plaintiff William Simmons's claims for First Amendment retaliation, the motion is **DENIED**.

(2) As to Plaintiff's claims pursuant to the Fourteenth Amendment's Substantive Due Process Clause, the motion is **GRANTED**.

                                                      /s/ A. Richard Caputo
                                                      A. Richard Caputo
                                                      United States District Judge